Eastern District of Kentucky
**F I L E D**

MAY 1 4 2007

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 05-87-KSF
(Civil Action No. 06-86-KSF)

UNITED STATES OF AMERICA,                                                    PLAINTIFF

V.                          **PROPOSED FINDINGS OF FACT**
**AND RECOMMENDATION**

WILLIAM PAUL STONE,                                                         DEFENDANT

\* \* \* \* \* \*

## I. INTRODUCTION

This matter is before the court on the motion of defendant William Paul Stone ("Stone"), *pro se*, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence imposed in this action on January 27, 2006. This motion has been fully briefed and is ripe for review.

By standing order of the District Court this matter was referred to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On June 2, 2005, a federal grand jury returned a two-count indictment against Stone and three co-defendants: Donald Johnson, Gil Eric Stone, and Paul C. Stone. Count 1 thereof charged that on or about April 5, 2005, and continuing through on or about May 15, 2005, all defendants conspired to knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), and all in violation of 21 U.S.C. § 846; and Count 2 thereof charged that on or about April 5, 2005, and continuing through on or about May 15, 2005, all defendants conspired to knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1), and all in violation of 21 U.S.C. § 846.

Subsequently, on August 4, 2005, a federal grand jury returned a superseding, six-count indictment against Stone and thirteen co-defendants, charging them with various federal drug offenses. Defendant, William Paul Stone, was charged in all six counts of the superseding indictment. Counts 1 and 2 of the superseding indictment charged Stone with conspiring to knowingly and intentionally distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine and conspiring to knowingly and intentionally distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count 3 charged Stone with conspiring to knowingly and intentionally use a communication facility, to wit, a telephone, in committing, causing and facilitating the commission of a drug felony offense, in violation of 21 U.S.C. §§ 843(b) and 846. Count 4 charged that on May 8, 2005, Stone, aided and abetted co-defendants Donald Johnson and Eric Gil Stone, did knowingly possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2. Count 5 charged that on or about May 8, 2005, Stone, aided and abetted co-defendants Donald Johnson and Eric Gil Stone, did knowingly possess with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2. Count 6 was a forfeiture count, seeking the forfeiture of various amounts of United States currency, vehicles, firearms, and real property, pursuant to 21 U.S.C. § 853.

Initially, Stone pled not guilty to these charges, and this matter was scheduled for trial on October 17, 2005. However, prior to trial, Stone entered into plea negotiations with the United States, resulting in a plea agreement wherein he agreed to plead guilty to Counts 1, 2, and 3 of the superseding indictment. His Plea Agreement was filed of record, and the court accepted his guilty plea thereto. [DE #174].

On January 27, 2006, Stone was sentenced and received a 146-month sentence of imprisonment on Count 1, a concurrent 146-month sentence of imprisonment on Count 2, and a

concurrent 48-month sentence of imprisonment on Count 3, to be followed by a five-year term of supervised release. [DE #320]. On oral motion of the United States at sentencing, Counts 3 and 4 of the superseding indictment and the original indictment against Stone were dismissed.

No direct appeal was filed.

### III. MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

On March 31, 2006, Stone filed the present § 2255 motion, asserting that the United States breached the plea agreement when it failed to file a motion for a reduction of sentence to 7½ years, and that he received ineffective assistance of counsel when his counsel (1) failed to object to the government's breach of the plea agreement by not filing a motion for reduction of sentence to 7½ years, and (2) failed to appeal the government's breach of the plea agreement.

In response to the motion to vacate, the United States asserts that pursuant to the terms of his plea agreement, Stone waived his right to file a direct appeal of his conviction and sentence and waived his right to collaterally attack his conviction and sentence and that this waiver was informed and voluntary; therefore, Stone now has no right to bring the claims raised in the present § 2255 motion, including his claim for ineffective assistance of counsel. For these reasons, the United States contends that Stone's § 2255 motion should be denied.

### Analysis

**A.    Waiver of right to collaterally attack conviction and sentence**

In considering this matter, the Magistrate Judge has reviewed the terms of Stone's Plea Agreement he entered into with the United States on October 13, 2005, that was approved by the court on October 14, 2005, and that was filed of record on October 17, 2005. [DE #174]. The following paragraphs of Stone's Plea Agreement are relevant to his § 2255 motion:

> 13. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea and conviction. The Defendant also waives the right to appeal and the right to attack collaterally any sentence that does not exceed the statutory penalties set forth herein.
>
> . . .

15. The Defendant will cooperate fully with the United States in the investigation or prosecution of the matters in the Indictment and all related matters, including but not limited to testifying truthfully in all proceedings. All statements and testimony that the Defendant provides must be truthful, and this Agreement does not preclude the prosecution of the Defendant for perjury or making false declarations relating to statements or any testimony rendered pursuant to this Agreement. The Defendant will submit to a polygraph examination by an examiner selected by the United States, if requested by the United States. If the Defendant provides substantial assistance in the investigation or prosecution of other persons who have committed an offense, the United States will file a motion for a downward departure pursuant to U.S.S.G. 8 5Kl.l and 18 U.S.C. 9 3553(e). The determination as to whether the Defendant provided substantial assistance is solely within the discretion of the United States.

. . .

18. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

. . .

20. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

Plea Agreement, pages 6-9 [DE #174].

It is clear from numerical ¶ 13 of Stone's Plea Agreement that in exchange for the concessions made by the United States (the dismissal of all other counts of the superseding indictment and the original indictment against Stone), he waived his right to appeal his guilty plea, conviction, and sentence within the applicable sentencing guideline range, and his right to collaterally challenge his guilty plea, conviction, and sentence within the applicable sentencing guideline range, including the filing of a § 2255 motion. Thus, the Magistrate Judge must now determine whether Stone's waiver of the foregoing rights was an informed, voluntary, and knowing waiver. At Stone's rearraignment/guilty plea proceeding on October 14, 2005, at the court's request, the United States, by counsel, Assistant United States Attorney Kevin C. Dicken, summarized the essential terms of the Plea Agreement, wherein Mr. Dicken stated, in pertinent part, as follows:

4

THE COURT: All right. Mr. Dicken, will you tell me the essential terms of the plea agreement, please, sir.

MR. DICKEN: Yes, Your Honor. The defendant is going to plead guilty to Count 1,which charges the conspiracy to distribute five kilograms or more of cocaine.

He's going to plead guilty to Count 2, which charges a conspiracy to distribute 100 kilograms or more of marijuana.

And he's going to plead guilty to Count 3, which charges a conspiracy to use telephones to facilitate those drug felony offenses. He's also going to forfeit his interest in the property listed in Count 6. We've agreed to a factual basis to support his plea, and we've agreed to some guideline recommendations, with the understanding those are merely recommendations, and the Court will make the ultimate determination as to sentence.

The defendant agrees to waive his statutory right to appeal and to collaterally attack his guilty plea, his conviction, and any sentence imposed by the Court that does not exceed the statutory maximum penalties.

He also agrees to fully cooperate with the United States, and if he does that, and provides substantial assistance, we will file a motion asking the Court to depart downward when imposing his sentence.

TR. Rearraignment, pp. 4-5 [DE #370].

After the prosecutor explained the essential terms of the plea agreement, the following colloquy occurred between the court and Stone:

THE COURT:  All right. Mr. Stone, did you hear Mr. Dicken just now tell me the essential terms of the plea agreement?

MR. STONE: Yes.

THE COURT: Has he stated the essential terms of the plea agreement as you understand it?

MR. STONE: Yes.

THE COURT: Has anyone made any promises or assurances to you different from those that are set out in the plea agreement?

MR. STONE: No.

THE COURT: Anyone in any way attempted to force you to plead guilty?

MR. STONE: No.

*Id.* at p. 6.

Later on in Stone's rearraignment proceeding, this additional exchange occurred between the

court and Stone:

> THE COURT: You understand you've waived your right to appeal
> and your right to collaterally attack your guilty plea and conviction,
> and you have also waived your right to appeal and right to collaterally
> attack any sentence that does not exceed the statutory penalties set out
> in the plea agreement. Do you understand that?
>
> MR. STONE: Yes, sir.
>
> THE COURT: Now, paragraph 15 of the plea agreement, I see you're
> sort of following along, talks about your cooperating with the
> Government and the rendering to the Government a substantial
> assistance in the prosecution of others. You know that paragraph?
>
> MR. STONE: Yes.
>
> THE COURT: The last sentence of that paragraph, if you will look at
> it, says, "The determination as to whether the defendant provided
> substantial assistance is solely within the discretion of the United
> States". Do you understand that?
>
> MR. STONE: Yes, sir.

*Id.* at pp. 8-9. [DE #370].

At the conclusion of the court's extensive questioning of Stone during his rearraignment

proceeding, the court made the following finding:

> THE COURT: All right. It is the finding of the Court in the case of
> the United States of America vs. William Paul Stone that Mr. Stone
> is fully competent and capable of entering a formal plea, that the plea
> of guilty is a knowing and voluntary plea supported by independent
> basis and fact containing each of the essential elements of the
> offenses charged. So your pleas are accepted and you are now found
> guilty. And I'm going to assign this matter for January 27th at 9:30.
> And I will sign the normal sentencing order, accept and approve the
> plea agreement and order that it be filed.

*Id.* at p. 15. [DE #370].

## Applicable Law

In <u>Hunter v. United States</u>, 160 F.3d 1109, 1113 (6th Cir. 1998), the Sixth Circuit held that

a waiver provision in a plea agreement is binding so long as it is made knowingly and voluntarily.

6

Thereafter, in <u>Watson v. United States</u>, 165 F.3d 486, 489 (6th Cir. 1999), the Sixth Circuit held that "a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief." However, at that time, the Sixth Circuit did not address the question of whether the waiver of § 2255 relief in a plea agreement bars a collateral attack based upon ineffective assistance of counsel. Subsequently, in <u>Davila v. United States</u>, 258 F.3d 448, 451 (6th Cir. 2001), the Sixth Circuit addressed that question, holding as follows:

> We hold that Davila's waiver effectively foreclosed his right to bring a § 2255 petition based on the claim of ineffective assistance of counsel. When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring[ing] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255.

Thus, in view of <u>Hunter</u>, <u>Watson</u> and <u>Davila</u>, if the court determines in the present action that Stone's waiver of his right to collaterally attack his guilty plea and conviction was knowing, intelligent, and voluntary, then he has waived his right to collaterally challenge his guilty plea, conviction, and sentence in a § 2255 motion, including any claim he might have had for ineffective assistance of counsel.

Based on a review of the record, including a review of the transcript of Stone's rearraignment/guilty plea proceeding, the Magistrate Judge concludes that Stone's waiver of his right to collaterally attack his guilty plea, conviction, and any sentence within the applicable sentencing guideline range, was knowing, intelligent, and voluntary, including his claim of ineffective assistance of counsel asserted in his § 2255 motion. This conclusion is based on the fact that (1) the waiver of Stone's right to collaterally attack his guilty plea, conviction, and sentence is plainly stated in numerical ¶ 13 of his plea agreement, and (2) in responding to questioning by the court concerning whether he understood the rights he had agreed to waive by entering into this Plea Agreement, and particularly the waiver of his right to appeal and to collaterally attack his guilty plea, conviction, and

sentence, and whether he was surrendering those rights voluntarily, Stone answered in the affirmative.[1]

Consequently, the Magistrate Judge concludes that since Stone's sentence was within the applicable maximum statutory penalty range,[2] and actually was below the recommended guideline range, he has waived the right to collaterally attack his guilty plea and conviction in the present § 2255 motion, including his claim of ineffective assistance of counsel.

**B.    The government's breach of the plea agreement**

The gravamen of Stone's complaint is that in exchange for his substantial assistance, the United States led him to believe that it would file a 5K1.1 motion to sentence Stone below the sentencing guideline range, whatever that guideline range was ultimately determined to be, and that the United States further agreed that in this 5K1.1 motion, it would request that Stone's sentence be 50% of the low end of his sentencing guideline range. Thus, according to Stone, since the bottom of his sentencing guideline range was 210 months, the government's 5K1.1 motion should have requested the imposition of a sentence of 105 months and that since the government's 5K1.1 motion requested a reduction of sentence of only 25% of the 210-month guideline range sentence, instead of a 50% reduction, the government has breached the plea agreement, rendering it void.

In responding to this claim, the United States advises that as a general rule, when it receives substantial assistance from a cooperating defendant, it usually will file a motion for downward departure requesting a reduction of sentence of one-half of the applicable guideline range and that it made that same representation to Stone and his counsel early on in this matter when the parties were discussing the terms of Stone's cooperation. For the reasons detailed in the government's response to Stone's § 2255 motion, the prosecutor in this case decided ultimately to request a

---

[1] Additionally, in the early part of the rearraignment proceeding, the Court asked Stone the following question: "Are you fully satisfied with the counsel, representation and advice rendered to you by Ms. Brown?" Stone responded, "Yes." TR. Rearraignment, 10/14/05, p. 4 [DE #370].

[2] The bottom of Stone's recommended sentencing guideline range was 210 months; Stone received a sentence of 146 months, well below the guideline range.

reduction of sentence of 25% of the guideline range instead of the 50% reduction that it would usually request in such a motion.

Even though Stone did not receive the 105-month sentence he says he was led to believe the government would request in its 5K1.1 motion, the Magistrate Judge is unpersuaded by Stone's argument that the government violated the plea agreement when the prosecutor elected to request a 25% reduction of sentence instead of a 50% reduction of sentence. This conclusion is based on the following rationale:

1. The Plea Agreement itself contains no term expressly stating that the United States had agreed to file a motion for reduction of sentence and to request that Stone receive a 7½-year sentence. As seen in ¶ 15 of the Plea Agreement, the Plea Agreement states, in relevant part:

> . . . If the Defendant provides substantial assistance in the investigation or prosecution of other persons who have committed an offense, the United States will file a motion for a downward departure pursuant to U.S.S.G. 8 5K1.1 and 18 U.S.C. 9 3553(e). The determination as to whether the Defendant provided substantial assistance is solely within the discretion of the United States.

Thus, this provision contains no statement concerning the promise of a specific sentence. Further, the determination as to whether Stone had provided substantial assistance was solely within the discretion of the United States; therefore, the United States had the option of filing a 5K1.1 motion, based on its own determination as to whether Stone had not provided substantial assistance in this matter. The United States explained that although Stone did provide substantial assistance, Stone also engaged in conduct (attempting to obstruct justice and damaging property that Stone knew was to be forfeited to the government) that led the United States to conclude that a motion requesting a 50% reduction of sentence was not warranted in this case.

Consequently, since the Plea Agreement itself does not specify that the government agreed to move for reduction of sentence and request that Stone receive a 7½-year sentence, the Magistrate Judge concludes that the United States has not violated the Plea Agreement.

2. As set out earlier herein, ¶ 18 of the Plea Agreement states:

> 18. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of

Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

Thus, the Plea Agreement itself also states that it contains the complete and only agreement between Stone and the United States and that the government has not made any other promises to Stone other than those contained therein. If, as Stone presently contends, one of the terms of this Plea Agreement was that the government would file a motion for downward departure for a 7½-year sentence, then Stone should have declined to enter into the Plea Agreement unless the 7½-year sentence term was made a part thereof.

3. As previously stated herein, the following colloquy occurred between the court and Stone:

THE COURT:  All right. Mr. Stone, did you hear Mr. Dicken just now tell me the essential terms of the plea agreement?

MR. STONE: Yes.

THE COURT: Has he stated the essential terms of the plea agreement as you understand it?

MR. STONE: Yes.

THE COURT: Has anyone made any promises or assurances to you different from those that are set out in the plea agreement?

MR. STONE: No.

TR., Rearraignment, p. 6 [DE #370].

During the court's questioning of Stone during his rearraignment proceeding on October 14, 2005, if Stone believed that the government was also obligated to file a motion for reduction of sentence based on his substantial assistance and to specifically request the imposition of a 7½-year sentence (or a sentence representing one-half of his bottom guideline range, whatever that bottom guideline range was ultimately determined to be), then Stone should have advised the court at that time of his belief that this specific term was also a component of his Plea Agreement. Instead, when the court asked him if anyone had made any promises or assurances to him different from those contained in the Plea Agreement, Stone responded, "No."

10

Consequently, for all of the foregoing reasons, the Magistrate Judge concludes that the government did not breach the plea agreement by not requesting, in its 5K1.1 motion, that Stone's sentence be reduced to 50% of the bottom sentencing guideline range. The United States had the discretion to determine whether Stone had provided substantial assistance; the United States determined that he had provided substantial assistance, but that due to Stone's conduct during his release while cooperating, the United States elected to request a 25% reduction of sentence instead of a 50% reduction of sentence. Based on the government's belief that Stone had engaged in conduct damaging to the government's interest in this case, the United States could have elected to file no motion for downward departure; however, the prosecutor opted for a middle ground and sought a 25% reduction of sentence. Nevertheless, the Magistrate Judge concludes that the government did not breach the terms of the Plea Agreement.

### IV. CONCLUSION

Based on a review of the record and the applicable law governing motions filed pursuant to 28 U.S.C. § 2255, to vacate, correct, or set aside sentence, for the reasons previously stated, the Magistrate Judge concludes that Stone's § 2255 motion should be denied.

Accordingly, **IT IS HEREBY RECOMMENDED** that the motion of defendant William Paul Stone, filed under § 2255, to vacate, correct, or set aside sentence [DE #360] be **DENIED**.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. § 636 (b)(1)(B); Thomas v. Arn, 728 F.3d 813 (6th Cir. 1984), affirmed 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).

11

A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P 72 (b).

This _____ 14th _____ day of May, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE