UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 05-87-S-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WILLIAM PAUL STONE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

William Paul Stone, also known as "Big Willy," is a convicted drug trafficker. On October 14, 2005, Stone pleaded guilty to three counts of a Superseding Indictment that charged him with conspiring to distribute cocaine and marijuana (Counts 1-S and 2-S) in violation of 21 U.S.C. § 846. Additionally, Stone admitted to using a communications facility during the course of the drug conspiracy (Count 3-S). [Record No. 159] On January 27, 2006, Stone was sentenced to a term of imprisonment of 146 months, to be followed by a term of supervised release of five years. [Record No. 320] According to the Bureau of Prison's ("BOP") Inmate Locator Service, Stone is currently supervised by the BOP's Residential Reentry Management field office in Nashville, Tennessee. The BOP's website states an expected release date of November 20, 2015. (See www.bop.gov/locations/ last visited October 19, 2015.) The mailing address on Stone's recent filing lists his current address as 1437 Edgelawn Ave., Lexington, Kentucky.

On October 16, 2015, Stone submitted a one-page letter to the Clerk of the Court which states in its entirety, "I am writing to you to apply for the 2 point minus drug reduction that becomes retro on November 1, 2015." The Clerk has docketed this letter as a motion requesting a reduction of Stone's sentence based on 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.[1] [Record No. 453] Thus, if granted, Stone would be released from the residential reentry program 20 days before the release date which is currently scheduled. After reviewing the record of this proceeding, the undersigned concludes that a reduction of Stone's sentence is not warranted.

The factual basis supporting Stone's guilty plea is outlined in paragraph five of his written Plea Agreement. It provides:

> (a) Beginning in or about September 2004, and continuing until about August 4, 2005, in Bourbon, Clark, Fayette, Franklin, Madison, and Woodford Counties, in the Eastern District of Kentucky, and elsewhere, the defendant obtained multiple kilograms of cocaine and marijuana, which he then distributed to various persons for further distribution. The defendant also used a telephone to facilitate this illegal drug activity.
>
> (b) The defendant obtained the cocaine from James Douglas Giles, Juan Carlos Naranjo, Aaron Gutittez [sic], and others. The defendant then repeatedly distributed various quantities of cocaine to Jason W. Lamb, Jonathon Lamb, Donald Johnson, Craig Klecker, Frank Lee Shepard, Glenn Dunn, Gary Hughes, Anthony Boone and others. The quantity of cocaine obtained and then distributed by the defendant exceeds five kilograms.

---

1   Although counsel has not been requested, the Court notes that there is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). A motion filed under 18 U.S.C. § 3582(c)(2) "does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether to appoint counsel. Here, the record and information possessed by the Court from the original sentencing is sufficient to consider a 18 U.S.C. § 3582(c)(2) motion. Therefore, appointment of counsel would be unnecessary and a waste of resources.

(c)  The defendant obtained the marijuana from Juan Carlos Naranjo, Aaron Gutirrez, Gustavo Sandoval-Diaz, and others.  The defendant then repeatedly distributed various quantities of marijuana to Jason W. Lamb, Donald Johnson, Charles Worley, Danny Joe White, Anthony Boone, and others.  The quantity of cocaine [sic] obtained and then distributed by the defendant exceeded 100 kilograms.

(d)  The defendant used cellular telephone number (859) 536-5774 to commit and facilitate his distribution of cocaine and marijuana.  The defendant also used this cellular telephone to facilitate the collection of money from the sale of the cocaine and marijuana.

(e)  The defendant employed Glenn Dunn, Gil Stone, and Paul Charles Stone to assist him.  The defendant used Dunn's residence as a place to prepare cocaine for distribution.  Dunn aided the defendant in this task.  The defendant used Paul Stone's residence to store marijuana prior to its distribution.  The defendant used Gil Stone to transport both cocaine and marijuana to his various customers and to collect money from them for the same of the drugs.

(f)  The defendant's illegal drug activity produced a large amount of money.  The defendant kept some of the money in his possession, but used a large portion of it to buy land and build a house in Casey County.  This is the real property listed in Count 6.  The defendant also used, at least in part, the proceeds from his illegal activity to purchase a 2002 Cadillac Escalade.

[Record No. 174]

The 2005 edition of the United States Sentencing Guidelines were used to determine Stone's base offense level. Based on the amount of drugs involved (converted to 3,000 to 10,000 kilograms of marijuana), this level was determined to be 34.   [Presentence Investigation Report, "PSR," p. 20]   Stone received a four point increase based on his leadership role in the drug conspiracy and a three level decrease for acceptance of responsibility, resulting in a total offense level of 35.  [*Id.*]  With a criminal history category of III, Stone's sentencing range under the 2005 guideline manual was 210 to 262 months of imprisonment.  [*Id.*, p. 29]   And while his guideline range was not binding on the Court,

Stone also faced mandatory minimum terms of not less than ten years imprisonment on Count 1 and not less than five years imprisonment on Count 2 pursuant to 21 U.S.C. §§ 841(b)(1)(A) and (B). However, because of his cooperation involving the investigation and prosecution of others, Stone received a reduction of 90 months from the middle of his guideline range and was sentenced to a term of 146 imprisonment. [*See* Record No. 320.]

The United States Sentencing Commission has since amended the applicable guideline range and given the amendments retroactive effect. *See* U.S.S.G. App. C., amend. No. 782, U.S.S.G. § 1B1.10, p.s. (eff. Nov. 1, 2014). As a result, the relevant drug quantity table in the U.S.S.G. was reduced by two levels. With a re-calculated total offense level of 33, Stone's non-binding guideline range under the 2014 amendments would be 168 to 210 months of imprisonment.[2]

The issue presented by Stone's motion is whether a sentence reduction is warranted in light of the facts of the case and relevant factors to be considered under 18 U.S.C. § 3553. In addressing this question, the Court considers, *inter alia*, the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance of responsibility and cooperation, specific and general deterrence, and the need to protect the public from potential, future crimes. After again considering these and other sentencing factors, the Court concludes that a reduced term of imprisonment is not warranted.

Conspiring to distribute large quantities of cocaine and marijuana is a very serious offense. Under the facts presented, a reduced sentence would unduly diminish the

---

2   A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise *leniency* to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual." *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (emphasis added).

seriousness of Stone criminal conduct.  Additionally, after reviewing the criminal history section of Stone's PSR, the Court concludes that the defendant presents a danger to the public and a significant likelihood that he will reoffend when released. Further, the defendant's history of substance abuse also presents a danger to the public and an increased likelihood of recidivism.  [PSR, p. 27]  Thus, the sentence originally imposed is needed to protect the public and provide necessary deterrence regarding future offenses.

In reaching these conclusions, the Court again notes that the reduction sought would essentially involve the defendant being released from a residential reentry program approximately three weeks before his expected release date.  However, that does not alter the Court's ultimate determination.  In summary, after again reviewing the relevant § 3553 factors, the Court concludes that a term of imprisonment of 146 months is necessary and appropriate under the circumstances.  Accordingly, it is hereby

**ORDERED** that Defendant William Paul Stone's construed motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 453] is **DENIED**.

This 19th day of October, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge